## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEANNE AUTIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br><br>JOHN LEE JACKSON, UNIVERSAL FIDELITY LP, and JOHN DOES 1-25,<br><br>Defendants. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff JEANNE AUTIN (hereinafter, "Plaintiff"), a Louisiana resident, brings this class action complaint by and through her attorneys, McCarty & Raburn, PLLC and Marcus & Zelman, LLC, against Defendants JOHN LEE JACKSON ("JLJ"), UNIVERSAL FIDELITY LP ("UFLP"),  and JOHN DOES 1-25 (hereinafter collectively "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.*  Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

1

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Louisiana consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

**PARTIES**

9.  Plaintiff is a natural person and a resident of the State of Louisiana, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. JLJ is an attorney with his principal office at 16325 Westheimer Road, Houston, Texas 77082.

11. Upon information and belief, JLJ is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. JLJ is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

13. UFLP, is a limited liability company with offices at 900 Threadneedle Street, Houston, Texas 77079.

14. Upon information and belief, UFLP is a third party collection agency.

15. In connection with its debt servicing operations, UFLP routinely hires other attorneys, such as JLJ, to send dunning letters to consumers in an effort to collect money on defaulted consumer debts.

16. UFLP is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

17. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ALLEGATIONS**

18. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

(a) All consumers who were sent a collection letter with an address in the State of Louisiana (b) who were sent an initial collection letter from JLJ (c) attempting to collect a debt or alleged debt on behalf of UFLP (d) that contains the language "Unless you notify Universal Fidelity, LP, within 30 days after receiving your initial notice that you dispute the validity of this debt or any portion thereof, Universal Fidelity LP will assume this debt is valid. If you notify Universal Fidelity LP in writing within 30 days from receiving your initial notice, Universal Fidelity LP will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you make a request to Universal Fidelity LP in writing within 30 days after receiving your initial notice, Universal Fidelity LP will provide you with the name and address of the original creditor, if different from the current creditor" (e) which was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

19. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

20. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

21. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibits A,* violate 15 U.S.C. §§ 1692g.

22. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

23. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor

4

their attorneys have any interests, which might cause them not to vigorously pursue this action.

24. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)    **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692g.

    (c)    **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    (d)    **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

25. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

28. Some time prior to May 16, 2016, an obligation was allegedly incurred to Home at Five ("HAF").

29. The HAF obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

6

30. The alleged HAF obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

31. HAF is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

32. UFLP was hired to collect the HAF obligation.

33. Defendants contends that the UFLP debt is past due.

34. UFLP collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

35. UFLP directly or through an intermediary contracted JLJ to collect the alleged debt.

36. On or about May 16, 2016, JLJ caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged HAF debt. *See* **Exhibit A.**

37. Upon information and believe, the May 16, 2016 letter was the first communication between JLJ and Plaintiff with regards to the alleged debt.

38. The May 16, 2016 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

39. The May 16, 2016 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

40. The Defendant's May 16, 2016 letter ("Letter") was sent on a letterhead stating "John Lee Jackson Attorney on retainer for Universal Fidelity LP.

41. The Letter further states that it was sent in an attempt to collect a debt from a debt collector.

42. The Letter was affixed with an electronic signature from John Lee Jackson.

43. Pursuant to section 15 U.S.C. 1692g ("1692g"), a debt collector must within five days of the initial communication provide a consumer with a proper validation notice.

44. The Defendant's May 16, 2016 letter further states:

    "Unless you notify Universal Fidelity, LP, within 30 days after receiving your initial notice

that you dispute the validity of this debt or any portion thereof, Universal Fidelity LP will assume this debt is valid. If you notify Universal Fidelity LP in writing within 30 days from receiving your initial notice, Universal Fidelity LP will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you make a request to Universal Fidelity LP in writing within 30 days after receiving your initial notice, Universal Fidelity LP will provide you with the name and address of the original creditor, if different from the current creditor"

45. The failure to give the Plaintiff an accurate section 1692g notice is particularized because it is caused by the debt collector's failure to provide the required section 1692g notice to the consumer.

46. The failure to give the Plaintiff an accurate section 1692g notice is also a concrete injury in fact.

47. There is a risk of real harm associated with the Defendant's deceptive and misleading collection practices.

48. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson,* 225 F.3d at 354, <u>citing</u> *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

49. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

50. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA.

51. Once a consumer makes a timely, written notice of dispute to the debt collector, the debt collector is required by law to cease collection of the account until verification of the debt is obtained.

52. By providing an inaccurate validation notice, the Defendant caused the Plaintiff a risk of real harm, in that the Plaintiff would believe that her only right to dispute the debt was with UFLP and not with JLJ.

53. An inadequate section 1692g notice deprives consumer of their right to basic information required under the FDCPA.

54. By failing to provide the adequate validation notice as required by the FDCPA, the Defendants harmed the Plaintiff.

55. UFLP regularly attempts to collect debts from consumers, and when they are unsuccessful hires a third party attorney like JLJ to send a collection letter on their behalf.

56. Upon information and belief, UFLP authorized, directed, and ratified every action taken by JLJ, and is liable for the acts and omissions of JLJ in connection with the its efforts to collect the alleged debt from the Plaintiff. See *Pollice v. National Tax Funding, LP,* 225 F.3d 379 (3rd Cir. 2000).

57. A debt collector bears the burden of monitoring the activities of those it enlists to collect debts on its behalf. See *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174 at *7 (7th Cir. April 07, 2016).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

58. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

59. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. Under 15 U.S.C. § 1692e(10), a debt collector may not use any false representation or deceptive means to collect a debt.

61. By reason thereof, Defendants is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

62. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

63. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

64. Under 1692g, a debt a collector must send a consumer written validation notice.

65. The Defendants violated said sections by failing to provide Plaintiff with a proper written validation notice.

66. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and McCarty & Raburn, PLLC and Marcus & Zelman, LLC, as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 12, 2017

Respectfully submitted,

/s/Jonathan Raburn
Jonathan Raburn – Local Counsel
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
Mailing Address
PO BOX 1448
Cedar Hill, Texas 75106
Physical (No mail Received)
4005 Nicholson Dr. Suite 4610
Baton Rouge, LA 70808
jonathan@geauxlaw.com
Phone 318-412-2777

PRO HAC VICE APPLICATION TO BE FILED

Ari Marcus, Esq. - Trial Attorney
MARCUS ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.